UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEANETTE RAMMING, *et al.*, § <br> § <br> Plaintiffs, § <br> VS. §    CIVIL ACTION NO. H-10-5011 <br> § <br> JPMORGAN CHASE BANK, N.A., § <br> AS ACQUIRER OF WASHINGTON § <br> MUTUAL BANK ASSETS, *et al.*, § <br> § <br> Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the Court is the defendant's, JPMorgan Chase Bank, N.A.,[1] motion for summary judgment (Docket Entry No. 10). The plaintiffs, Jeanette and Lawrence Ramming, filed a response (Docket Entry No. 13), to which the defendant replied (Docket Entry No. 17). After having carefully considered the motion, the responses, the record and the applicable law, the Court grants the defendant's motion.

**II.   Factual Background**

This case concerns a mortgage foreclosure dispute. On February 24, 2006, Jeanette Ramming executed a Note payable to Long Beach Mortgage Company for $741,600, and the plaintiffs simultaneously executed a Deed of Trust encumbering real property located at 5729 Indian Circle, Houston, Texas 77057. They also executed a Loan Agreement Rider. In these original loan documents, Jeanette Ramming agreed to pay interest at an adjustable rate between

---

[1] JPMorgan Chase Bank, N.A., is the acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, and JPMorgan Chase Bank, N.A. is successor by merger to Chase Home Finance LLC.

8.2% and 11.2% for 360 months, beginning April 1, 2006. The Note and Deed of Trust were subsequently transferred to Washington Mutual Bank ("WAMU").

On August 25, 2008, the plaintiffs executed a WAMU Loan Modification Agreement, but the space for the new interest rate was left blank. A signed copy of that Loan Modification Agreement now specifies the interest as 7.394%. On September 25, 2008, the United States Office of Thrift Supervision placed WAMU into the receivership of the Federal Deposit Insurance Corporation. The following day, WAMU filed for Chapter 11 voluntary bankruptcy and informed its customers that their deposits were now liabilities of the defendant. The defendant's countersignatures to the WAMU Loan Modification Agreement are dated October 2, 2008, six weeks after the plaintiffs' signatures, and one week after the WAMU went into receivership. The plaintiffs have not made any payments on the loan since at least November of 2008, and the defendant has initiated foreclosure proceedings. The plaintiffs filed suit in state court on December 3, 2010, and that court issued a temporary injunction preventing foreclosure. The defendant removed the case to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

### III. Contentions of the Parties

#### A. The Plaintiffs' Contentions

The plaintiffs contend that two WAMU loan modification specialists orally assured them that their loan would be modified to a 5% interest rate and a 450-month term. They assert a claim for breach of contract. They allege that the Loan Modification Agreement that they signed was incomplete when they signed it, but that they thought it would contain an interest rate of 5% rather than 7.394%. They assert that they were never provided with a copy of the executed documents, and that they received infrequent and conflicting information about the status of their

loan. They claim that only after great effort and two years of waiting did they receive a copy of their modified loan on October 1, 2010.

### B. The Defendant's Contentions

The defendant contends that there is no evidence of a fully executed document reducing the plaintiffs' interest rate to 5%. Rather, it maintains that the only fully executed Loan Modification Agreement specifies the interest rate as 7.394%. It avers that the plaintiffs' breach of contract claim is barred by the statute of frauds, and that their injunctive relief claim thus fails. The defendant also objects to portions of the plaintiffs' affidavit testimony.[2]

## IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must

---

[2] Because the Court rules completely in the defendant's favor, it need not address the defendant's objections.

'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     Analysis and Discussion

The Court grants the defendant's motion for summary judgment because the plaintiffs have offered insufficient evidence in support of their claim. While the plaintiffs allege that they orally agreed to enter a loan modification with a 5% interest rate, they cannot offer any evidence to support their position. Moreover, the original Loan Agreement Rider specifies that the loan cannot be varied by any subsequent oral agreements or discussions.

Also, the plaintiffs' claim cannot survive the statute of frauds. A loan agreement that exceeds $50,000 is unenforceable unless it is in writing and signed by the party against whom enforcement is sought. TEX. BUS. & COMM. CODE § 26.02(b). Likewise, any material modification of a loan agreement is unenforceable unless it is in writing and signed by the party against whom enforcement is sought. *Foster v. Mut. Savings Ass'n*, 602 S.W.2d 98, 100 (Tex. Civ. App. – Fort Worth 1980, no writ). Here, because the contested loan is greater than $50,000, and the plaintiffs do not have the required documentation to support their contentions, their claim is barred by the statute of frauds.

Accordingly their claim for injunctive relief also fails. In Texas, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. *Buntaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Because the plaintiffs cannot prevail on their breach of contract claim, their injunctive relief claim fails as a matter of law.[3]

---

[3] To the extent that the plaintiffs are asserting a claim for attempted wrongful foreclosure, Texas does not recognize it as a cause of action. *See Smith v. J.P. Morgan Chase Bank, N/A*, CV H-10-3730, 2010 U.S. Dist. LEXIS 117542, *6 (S.D. Tex. Nov. 4, 2010). Furthermore, it is undisputed that no foreclosure has occurred.

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendant's motion.

It is so **ORDERED**.

SIGNED at Houston, Texas this 3rd day of April, 2012.

Kenneth M. Hoyt
United States District Judge